UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alethea Elin Fox,<br><br>         Plaintiff,<br><br>v.<br><br>Nancy A. Berryhill,<br><br>         Defendant. | Case No.: 16-cv-1401-BEN-AGS<br><br>**REPORT AND RECOMMENDATION ON SUMMARY JUDGMENT MOTIONS** |

This Social Security case turns on the treating physician rule, which generally accords a treating doctor's opinion "controlling weight." The two treating physicians here believe that plaintiff's mental health conditions render her disabled. The issue is whether the Administrative Law Judge supplied sufficient reasons to reject those opinions.

## BACKGROUND

In 2012, Alethea Elin Fox applied for disability insurance benefits based on a variety of mental health problems. State agency medical consultants denied her application twice the next year, on initial review and reconsideration. (AR 16.) Those consultants analyzed records from treating psychiatrist Dr. Wendy Khentigan, but none from treating psychiatrist Dr. Clark Smith, who had just begun seeing Fox. (AR 127, 131, 472-80.) By Fox's 2014 hearing, however, the Administrative Law Judge had the entire treatment history, including a year's worth of Dr. Smith's treatment notes. The ALJ ultimately found

1

that Fox suffered from a severe mental health impairment known as affective disorder, but that it was not disabling. (AR 18, 29.) In so ruling, he gave "great weight" to the 2013 analysis of the state agency medical consultants and "some weight" to a consulting psychiatric examiner's opinion—all of whom found her able to work. (AR 25-26.) On the other hand, he assigned "little weight" to the opinions of Fox's treating psychiatrists, who both believed her mental health issues were serious enough to force her to miss more than four days of work per month. (AR 26, 486, 492.)

Fox appeals, claiming that the ALJ improperly disregarded her two treating doctors' opinions as well as her own testimony.

## DISCUSSION

**A. Treating Physician Rule**

If a treating physician's opinion is well-supported and consistent with the rest of the record, it must be given "controlling weight." 20 C.F.R. § 404.1527(c)(2). When the treating physician's opinion is contradicted by another doctor, as here, "an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Trevizo v. Berryhill*, ___ F.3d ___, No. 15-16277, 2017 WL 2925434, at *7 (9th Cir. July 10, 2017) (citation omitted). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citations omitted).

The Court first addresses the reasons the ALJ rejected Dr. Smith's treating-physician opinion, which are set forth below.

*1. Inconsistent with Medical Records*

The ALJ gave "little weight" to Dr. Smith's opinion, in part, because he found it "inconsistent with claimant's medical records." (AR 26.) But the ALJ provides no analysis for this conclusion whatsoever. He certainly failed to set out any "conflicting clinical evidence, stat[e] his interpretation thereof, and mak[e] findings." *Trevizo*, 2017 WL 2925434, at *7 (citations omitted); *see also id.* at *8 (rejecting ALJ's "conclusory determination that [the treating doctor's] opinion was contradicted" where "the ALJ

2

pointed to nothing . . . in the clinical record that contradicted the treating physician's opinion").

Ignoring this fatal oversight for the moment, this Court has scoured the clinical history and identified instances when Fox may have been well enough to work. Indeed, defendant argues that "Dr. Smith's own treatment notes showed improvement and normal findings inconsistent with his opinion," including notations of improved function on at least five separate occasions during one year. (ECF No. 18-1, at 6-7.) But the Ninth Circuit has repeatedly warned that sporadic stretches of progress do not necessarily undermine a mental-health disability finding, as psychiatric symptoms naturally wax and wane. *See, e.g.*, *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) ("Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." (citations omitted)). The ALJ must interpret progress in the context of the overall clinical course and "with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace." *Id.* (citation omitted).

The ALJ's conclusory assertion fails this standard and thus is neither specific nor legitimate.

### 2. *Insignificant Treatment History*

Next, the ALJ discounted Dr. Smith's opinion because his "treatment records reveal an insignificant treatment history[.]" (AR 26.) The ALJ fails to mention that, before offering his opinion, Dr. Smith treated Fox six times in under five months (and they had 14 sessions during the full year of treatment). (AR 473-80, 492.) Nor does the ALJ say why he deems this history insignificant. Since shorter treatment periods have passed muster, this conclusion required some explanation. *See Colcord v. Colvin*, 91 F. Supp. 3d 1189, 1196 (D. Or. 2015) (rejecting "short treatment history" as a rationale for discounting a treating psychiatrist's opinion when the treatment lasted "three months" and at the time

of the opinion the doctor was "meeting with plaintiff on a bi-weekly basis"). Indeed, one might ask: If Dr. Smith's opinion cannot be trusted after six sessions, then how can the ALJ give so much more weight to the opinions of the agency consultants (who *never* saw Fox) and the examining physician (who saw Fox once, but never treated her)? *See Gottuso v. Colvin*, No. SACV 12-01705-MAN, 2014 WL 1286221, at *8 (C.D. Cal. Mar. 28, 2014) (criticizing ALJ who found that the opinion of a treating physician who had "significant gaps in his treatment of [plaintiff]" was entitled to "little weight," without explaining why "the lack of *any* treatment history had no effect on the weight afforded to the opinions of the nontreating doctors"). Thus, the ALJ's treatment-history point is also insufficient.

### 3. *Conservative Treatment*

According to the ALJ, Dr. Smith's "conservative psychiatric treatment" of Fox belied his pessimistic assessment of her ability to work. "While conservative treatment records are generally 'sufficient to discount a claimant's testimony regarding severity of an impairment,' they are not generally relied upon to discount the opinion of the treating physician." *Goucher v. Colvin*, No. C-14-3009 EMC, 2015 WL 4051976, at *5 (N.D. Cal. July 2, 2015) (quoting *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); other citation omitted). At any rate, it is not clear that Fox's treatment—including a number of psychotropic prescription medications—can fairly be characterized as "conservative." *See Lapeirre-Gutt v. Astrue*, 382 F. App'x 662, 664 (9th Cir. 2010) (suggesting that a "regimen of powerful pain medications and injections" was not "conservative treatment"). At a minimum, the ALJ could not rely on this ground without first demonstrating that "more aggressive treatment options are appropriate or available." *Id.*; *cf. Chong v. Colvin*, No. CV 13-1044-SP, 2013 WL 6633073, at *7 (C.D. Cal. Dec. 16, 2013) (requiring that "at a minimum" ALJs must explain their treatment-history criticisms). Since the ALJ never did so, this reason also falls short.

### 4. *Unsupported or Incorrect Statement*

Finally, the ALJ criticizes a supposedly incorrect fact: ". . . Dr. Smith opines the claimant's impairments began in 2003; however, there is no evidence in the record to

4

support such a conclusion." (AR 26.) But the ALJ is wrong. Dr. Smith's July 8, 2013 treating notes—which are evidence in the record—reflect that Fox has been "Disabled x 10 yrs [that is, since 2003]." (AR 474; *cf.* AR 453-54 (Dr. Maris states that symptoms began in the 1980s "between [ages] 13 and 15"); AR 486 (Dr. Khentigan notes that "symptoms started at age 13 [around 1981]").) It is unclear where Dr. Smith obtained that information; perhaps it was from other medical records or from Fox herself (which is still evidence). Regardless, there was record evidence to support the onset date that Dr. Smith mentioned, so this was not a legitimate reason to give his opinion little weight. Indeed, even if Dr. Smith had made a single mistake on a date, that would not necessarily justify rejecting his treating-physician opinion wholesale.

Because none of the ALJ's reasons withstand scrutiny, Dr. Smith's opinion should have been given controlling weight and the case must be remanded. This is especially true given the timing of the ALJ's preferred expert opinions. *None* of those experts reviewed Fox's yearlong course of treatment with Dr. Smith, which occurred almost entirely after they submitted their expert reports. As the Court concludes that the ALJ's treatment of Dr. Smith's treating-physician opinion is dispositive, it need not address Fox's other arguments.

**B.     Remedy**

"The decision whether to remand a case for additional evidence, or simply to award benefits, is within the discretion of the court." *Trevizo*, 2017 WL 2925434, at *13 (alterations and citation omitted). Courts generally remand for calculation of benefits when: (1) the record is "fully developed," (2) the ALJ failed to provide "legally sufficient reasons for rejecting evidence," and (3) crediting the rejected evidence as true, the ALJ would be required to find the claimant disabled. *Id.* (citation omitted). But when "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled," the court should remand for further proceedings. *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014). "If additional proceedings can remedy defects in the original administrative

proceeding, a social security case should be remanded for further proceedings." *Trevizo*, 2017 WL 2925434, at *13 (alterations and citation omitted).

Fox has strong arguments for disability benefits, and two treating psychiatrists are convinced she is disabled. But the administrative record—which already spans 492 pages—could be further developed. While Dr. Smith's opinion may ultimately carry the day, his treating relationship with Fox began after the insured period ended. This fact may not undermine Dr. Smith's conclusions about Fox's longstanding disabilities, but it must be explored. Also, many of Dr. Khentigan's notes, which bear on the analysis, are illegible and should be deciphered. (*See, e.g.*, AR 357-68.) At all events, these concerns raise sufficient doubt about the correct outcome to warrant further proceedings.

## CONCLUSION

Thus, the Court recommends that Fox's summary judgment motion (ECF No. 16) be **GRANTED**, defendant's cross-motion for summary judgment (ECF No. 18) be **DENIED**, and the case be remanded for additional evidence. The parties have until August 14, 2017, to object to this order. *See* Fed. R. Civ. P. 72(b)(2). A party may respond to any objection within 14 days of being served with it. *Id.*

Dated: July 31, 2017

Hon. Andrew G. Schopler
United States Magistrate Judge