
FILED

17 SEP 12 PM 1:48

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY RMC    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALETHEA ELIN FOX,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant.[1] | Case No.: 3:16-cv-01401<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION;**<br><br>**(2) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;**<br><br>**(3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; and**<br><br>**(4) REMANDING FOR FURTHER PROCEEDINGS** |

Plaintiff Alethea Elin Fox filed this action seeking judicial review of the Commissioner of Social Security's denial of her application for disability insurance

---

[1] The Court substitutes Nancy A. Berryhill, the Acting Commissioner of Social Security, for Carolyn W. Colvin, the former Acting Commissioner of Social Security, as Defendant in this suit. *See* Fed. R. Civ. P. 25.

1

3:16-cv-01401

benefits. Plaintiff filed a motion for summary judgment. (ECF No. 16). Defendant filed a cross-motion for summary judgment. (ECF No. 18). The Honorable Andrew G. Schopler issued a thoughtful and thorough Report and Recommendation recommending that this Court grant Plaintiff's motion, deny Defendant's motion, and remand the case for further proceedings. (ECF No. 27). Defendant filed timely objections to the Report and Recommendation (ECF No. 28), to which Plaintiff replied (ECF No. 29).

Where a party files a timely objection to a report and recommendation, the Court reviews *de novo* those portions of the report or specific proposed findings or recommendations to which an objection is filed. 28 U.S.C. § 636(b)(1). Having conducted a *de novo* review, the Court adopts the Report and Recommendation in full.

## BACKGROUND

Plaintiff applied for disability benefits claiming she has been unable to work since June 1, 2007. The Administrative Law Judge ("ALJ") found that Plaintiff suffered from the severe impairment of affective disorder, but found that she has the residual functional capacity to perform a full range of work at all exertional levels but is limited to completing simple, routine tasks in a nonpublic setting. The ALJ's decision gave "great weight" to the opinions of the state agency medical consultants, "some weight" to the opinion of the psychiatric consultative examiner, and "little weight" to the opinions of Plaintiff's two treating physicians, Dr. Wendy Khentigan and Dr. Clark Smith. (AR 25-26).

The issue before the Court is whether the ALJ articulated specific and legitimate reasons for rejecting the opinion of Dr. Smith. Dr. Smith is one of Plaintiff's treating psychiatrists. Plaintiff began seeing him on June 10, 2013. By the time of the administrative hearing, the ALJ had Dr. Clark's treatment records from fourteen visits by Plaintiff. Those visits occurred on June 10, 2013, July 8, 2013, August 5, 2013, September 4, 2013, October 2, 2013, October 30, 2013, December 2, 2013, January 2, 2014, February 3, 2014, March 3, 2014, April 2, 2014, April 30, 2014, May 25, 2014, and June 26, 2014. (*See* AR Exs. 12F & 13F). As these records reveal, Plaintiff visited Dr.

Smith once approximately every thirty days for over a year. During her treatment, she took a mix of medications to treat her mental health and block opiate cravings. These medications included Subutex and Suboxone for the opiate cravings (AR 476, 487), and Klonopin, Lamictal, Gabapentin, Wellbutrin, Zoloft, and Saphris to treat her mental illnesses (AR 475, 480, 487). The records show that Plaintiff had good months and bad months. In some months, she reported feeling better with decreased depression and no anger, mania, or mood swings. (*See* AR 477, 480). In other visits, she reported feeling "really depressed," "overwhelmed," "stressed out," and "scared to go outside." (*See* AR 478-80).

On November 8, 2013, Dr. Smith completed a "Mental Impairment Residual Functional Capacity Questionnaire." He noted that she has "[decreased] focus/concentration/ability to concentrate, with scattered & disjointed thought process." (AR 487). In a check-box style form, he indicated that Plaintiff has "pervasive loss of interest [in] most activities," "blunt, flat or inappropriate affect," "mood disturbance," "difficulty thinking or concentrating," "persistent disturbances of mood or affect," "emotional withdrawal or isolation," "bipolar syndrome with a history of episodic periods manifested by a full symptomatic picture of both manic and depressive syndromes, currently characterized by either or both syndromes," "emotional lability," "easy distractibility," and "oddities of thought, perception, speech or behavior." (AR 488). He further noted that she has "moderate" restrictions on her activities of daily living, "moderate" difficulties in maintaining social functioning, "marked" difficulties in maintaining concentration, persistence, or pace, and "one or two" episodes of decompensation within a 12-month period. (AR 497).

In assessing mental abilities needed to do unskilled work, Dr. Smith reported that Plaintiff was "unable to meet competitive standards" in eleven out of fifteen categories, such as "understand and remember short and simple instructions," "maintain attention for two hour segments," and "make simple work-related decisions." (AR 489). In the remaining four categories—"maintain regular attendance and be punctual within

customary, usual strict tolerances," "ask simple questions or request assistance," "get along with co-workers or peers without causing them undue distraction or exhibiting behavioral extremes," and "be aware of normal hazards and take appropriate precautions,"—Dr. Smith noted that Plaintiff is "seriously limited, but not precluded." (*Id.*) Dr. Smith explained that Plaintiff has a "scattered & distracted thought process, unstable mood, [and] inability to tolerate stress." (*Id.*) He opined that Plaintiff would be expected to miss more than four days of work per month because of her impairments. (AR 492).

As noted, the ALJ accorded "little weight" to Dr. Smith's opinion in the "Mental Impairment Residual Functional Capacity Questionnaire." In rejecting his opinion, the ALJ wrote:

> The severity of the functional limitations assessed by Dr. Smith are inconsistent with claimant's medical records. Dr. Smith's treatment records reveal an insignificant treatment history with the claimant and conservative psychiatric treatment. Additionally, Dr. Smith opines the claimant's impairments began in 2003; however, there is no evidence in the record to support such a conclusion.

(AR 26). Judge Schopler considered the ALJ's reasons and found them neither specific nor legitimate.

## STANDARD OF REVIEW

An applicant may seek judicial review of a final agency decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). An ALJ's decision will be reversed by the reviewing court only if "it is based upon legal error or is not supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citation omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court must consider the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusion. *See Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001);

*Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews*, 53 F.3d at 1039. Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. *Id* at 1039-40. The Court may not reverse an ALJ's decision on account of an error that is harmless. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

## DISCUSSION

The medical opinion of a claimant's treating physician is given "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2). When a treating physician's opinion is not controlling, it is weighted accorded to factors such as length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician. *Id.* § 404.1527(c)(2)-(6).

If a treating or examining physician's opinion is contradicted by another doctor's opinion, as here, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

In this case, the ALJ set forth four reasons to reject Dr. Smith's opinion: (1) the opinion's inconsistency with Plaintiff's medical records, (2) Plaintiff's insignificant treatment history, (3) Plaintiff's conservative course of treatment, and (4) an unsupported or incorrect statement by Dr. Smith that Plaintiff's impairments began in 2003. For reasons explained more fully in the Report and Recommendation, the Court concludes that none of the ALJ's reasons withstand scrutiny. Plaintiff saw Dr. Smith monthly for

over a year for psychotherapy. Such a history of treatment is not "insignificant." Nor was Plaintiff's treatment "conservative." In addition to the monthly psychotherapy appointments, Dr. Smith treated Plaintiff's condition with a number of psychotropic prescription medications. The ALJ does not point to any evidence to say that more aggressive treatment was recommended. Without further explanation why the ALJ believes Plaintiff's treatment is "insignificant" and "conservative," these conclusory assertions fall short of the "specific and legitimate reasons" standard.

The ALJ also failed to explain his conclusory finding that Dr. Smith's opinion is inconsistent with the overall medical record. *See Trevizo v. Berryhill*, 862 F.3d 987, 999 (9th Cir. 2017) (rejecting ALJ's "conclusory determination that the [treating physician's] opinion was contradicted where "the ALJ pointed to nothing in . . . the clinical record that contradicted the treating physician's opinion"). The Report and Recommendation notes, and Defendant's Objection observes, that Plaintiff exhibited some improvement. But "[t]he ALJ failed to analyze the periods of improvement in the context of [Plaintiff's] treatment history to ensure that the improvement was not temporary." *Colter v. Berryhill*, 985 F. App'x 616, 617 (9th Cir. 2017) (citing *Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) (explaining that treatment records reflecting improvement "must be viewed in light of the overall diagnostic record")).

Finally, the ALJ rejects the opinion because "there is no evidence in the record to support" Dr. Smith's statement that Plaintiff's impairments began in 2003. Even if the ALJ were correct, such a reason is insufficient to justify a complete rejection of Dr. Smith's opinion. Nonetheless, as explained further in the Report and Recommendation, there is evidence in Dr. Smith's treatment notes that Plaintiff claims disability since 2003.

Accordingly, the Court overrules Defendant's objections and adopts the Report and Recommendation in its entirety.

## CONCLUSION

The Court **ADOPTS** the Report and Recommendation (ECF No. 27). Plaintiff's motion for summary judgment is **GRANTED** (ECF No. 16) and Defendant's motion for

6

3:16-cv-01401

summary judgment is **DENIED** (ECF No. 18). This case is **REMANDED** for further proceedings consistent with the Report and Recommendation.

**IT IS SO ORDERED.**

Dated: 9/12/2017

HON. ROGER T. BENITEZ
United States District Judge